1 | Tanya E. Moore, SBN 206683
MOORE LAW FIRM, P.C.
2 | 332 North Second Street
San Jose, California 95112
3 | Telephone (408) 298-2000
Facsimile (408) 298-6046
4 | E-mail: service@moorelawfirm.com

5 | Attorney for Plaintiff
Francisca Moralez

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCA MORALEZ,<br><br>  Plaintiff,<br><br>  vs.<br><br>BERMAL ASMIN, INC. dba NORTH BEACH GYROS; JACK LEE FONG, Trustee of the JACK LEE FONG AND DOROTHY DER FONG REVOCABLE FAMILY TRUST OF 6/28/91; DOROTHY DER FONG, Trustee of the JACK LEE FONG AND DOROTHY DER FONG REVOCABLE FAMILY TRUST OF 6/28/91;<br><br>  Defendants. | No.<br><br>**COMPLAINT ASSERTING DENIAL OF RIGHT OF ACCESS UNDER THE AMERICANS WITH DISABILITIES ACT FOR INJUNCTIVE RELIEF, DAMAGES, ATTORNEYS' FEES AND COSTS (ADA)** |

## I. SUMMARY

1. This is a civil rights action by plaintiff FRANCISCA MORALEZ ("Plaintiff") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

> North Beach Gyros
> 701 Union Street
> San Francisco, CA 94133
> (hereafter "the Facility")

*Moralez v. Bermal Asmin, Inc., et al.*
Complaint
Page 1

2. Plaintiff seeks damages, injunctive and declaratory relief, attorney fees and costs, against BERMAL ASMIN, INC. dba NORTH BEACH GYROS; JACK LEE FONG, Trustee of the JACK LEE FONG AND DOROTHY DER FONG REVOCABLE FAMILY TRUST OF 6/28/91; and DOROTHY DER FONG Trustee of the JACK LEE FONG AND DOROTHY DER FONG REVOCABLE FAMILY TRUST OF 6/28/91 (hereinafter collectively referred to as "Defendants"), pursuant to Title III of the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 et seq.) ("ADA") and related California statutes.

## II.    JURISDICTION

3. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4. Supplemental jurisdiction for claims brought under parallel California law – arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

5. Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III.    VENUE

6. All actions complained of herein take place within the jurisdiction of the United States District Court, Northern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

## IV.    PARTIES

7. Defendants own, operate, and/or lease the Facility, and consist of a person (or persons), firm, and/or corporation.

8. Plaintiff suffers from rheumatoid arthritis and is substantially limited in her ability to walk, requiring her to use a wheelchair for mobility. Consequently, Plaintiff is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

## V.    FACTS

9. The Facility is open to the public, intended for non-residential use, and its operation affects commerce. The Facility is therefore a public accommodation as defined by applicable state and federal laws.

10. Plaintiff lives approximately 50 miles from the Facility, and travels to the area where the Facility is located regularly. Plaintiff visited the Facility on or about July 8, 2016 to have lunch. During her visit to the Facility, Plaintiff encountered the following barriers (both physical and intangible) that interfered with, if not outright denied, Plaintiff's ability to use and enjoy the goods, services, privileges and accommodations offered at the Facility:

   a) The route of travel to the restroom was obstructed by stacked high chairs which were stored there, reducing the clear width of the route and making it difficult for Plaintiff to enter and exit the restroom.

   b) The required maneuvering clearances at the restroom entrance were obstructed by a metal cooler, which the door bumped into when Plaintiff tried to open it. This made it difficult for Plaintiff to open the door and maneuver her wheelchair inside.

   c) The toilet seat cover in the restroom was located high on the wall, behind the toilet, making it impossible for Plaintiff to reach the seat covers.

   d) The paper towel dispenser in the restroom was positioned too high on the wall, requiring Plaintiff to stretch up to reach the paper towels, which was difficult.

   e) The mirror on the wall in the restroom was positioned too high for Plaintiff to see her reflection.

11. The barriers identified in paragraph 10 herein are only those that Plaintiff personally encountered. Plaintiff is presently unaware of other barriers which may in fact exist at the Facility and relate to her disabilities. Plaintiff will seek to amend this Complaint once such additional barriers are identified as it is Plaintiff's intention to have all barriers which exist at the Facility and relate to her disabilities removed to afford her full and equal access.

12. Plaintiff was, and continues to be, deterred from visiting the Facility because Plaintiff knows that the Facility's goods, services, facilities, privileges, advantages, and accommodations were and are unavailable to Plaintiff due to Plaintiff's physical disabilities.

*Moralez v. Bermal Asmin, Inc., et al.*
Complaint

Page 3

1  Plaintiff enjoys the goods and services offered at the Facility, and will return to the Facility
2  once the barriers are removed.

3  13. Defendants knew, or should have known, that these elements and areas of the
4  Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to
5  the physically disabled. Moreover, Defendants have the financial resources to remove these
6  barriers from the Facility (without much difficulty or expense), and make the Facility
7  accessible to the physically disabled. To date, however, Defendants refuse to either remove
8  those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

9  14. At all relevant times, Defendants have possessed and enjoyed sufficient control
10 and authority to modify the Facility to remove impediments to wheelchair access and to
11 comply with the 1991 ADA Accessibility Guidelines and/or the 2010 ADA Standards for
12 Accessible Design. Defendants have not removed such impediments and have not modified the
13 Facility to conform to accessibility standards. Defendants have intentionally maintained the
14 Facility in its current condition and have intentionally refrained from altering the Facility so
15 that it complies with the accessibility standards.

16 15. Plaintiff further alleges that the (continued) presence of barriers at the Facility is
17 so obvious as to establish Defendants' discriminatory intent. On information and belief,
18 Plaintiff avers that evidence of this discriminatory intent includes Defendants' refusal to adhere
19 to relevant building standards; disregard for the building plans and permits issued for the
20 Facility; conscientious decision to maintain the architectural layout (as it currently exists) at the
21 Facility; decision not to remove barriers from the Facility; and allowance that Defendants'
22 property continues to exist in its non-compliant state. Plaintiff further alleges, on information
23 and belief, that the Facility is not in the midst of a remodel, and that the barriers present at the
24 Facility are not isolated or temporary interruptions in access due to maintenance or repairs.
25 ///
26 ///
27 ///
28 ///

## VI.   FIRST CLAIM

## Americans with Disabilities Act of 1990

<u>Denial of "Full and Equal" Enjoyment and Use</u>

16. Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

17. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

18. Defendants discriminated against Plaintiff by denying Plaintiff "full and equal enjoyment" and use of the goods, services, facilities, privileges and accommodations of the Facility during each visit and each incident of deterrence.

<u>Failure to Remove Architectural Barriers in an Existing Facility</u>

19. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).

20. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. <u>Id</u>. § 12182(b)(2)(A)(v).

21. Here, Plaintiff alleges that Defendants can easily remove the architectural barriers at the Facility without much difficulty or expense, and that Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

22. In the alternative, if it was not "readily achievable" for Defendants to remove the Facility's barriers, then Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

///

///

### Failure to Design and Construct an Accessible Facility

23. Plaintiff alleges on information and belief that the Facility was designed and constructed (or both) after January 26, 1993 – independently triggering access requirements under Title III of the ADA.

24. The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

25. Here, Defendants violated the ADA by designing and constructing (or both) the Facility in a manner that was not readily accessible to the physically disabled public – including Plaintiff – when it was structurally practical to do so.[1]

### Failure to Make an Altered Facility Accessible

26. Plaintiff alleges on information and belief that the Facility was modified after January 26, 1993, independently triggering access requirements under the ADA.

27. The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

28. Here, Defendants altered the Facility in a manner that violated the ADA and was not readily accessible to the physically disabled public – including Plaintiff – to the maximum extent feasible.

### Failure to Modify Existing Policies and Procedures

29. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

---

[1] Nothing within this Complaint should be construed as an allegation that Plaintiff is bringing this action as a private attorney general under either state or federal statutes.

30. Here, Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Facility, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

<u>Failure to Maintain Accessible Features</u>

31. Defendants additionally violated the ADA by failing to maintain in operable working condition those features of the Facility that are required to be readily accessible to and usable by persons with disabilities.

32. Such failure by Defendants to maintain the Facility in an accessible condition was not an isolated or temporary interruption in service or access due to maintenance or repairs.

33. Plaintiff seeks all relief available under the ADA (i.e., injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

## VII.   SECOND CLAIM

### Unruh Act

34. Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

35. California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

36. California Civil Code § 51.5 also states, in part that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

37. California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

38. Defendants' aforementioned acts and omissions denied the physically disabled public – including Plaintiff – full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

39. These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

40. Plaintiff was damaged by Defendants' wrongful conduct, and seeks statutory minimum damages of $4,000 for each offense.

41. Plaintiff also seeks to enjoin Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## VIII. THIRD CLAIM

### Denial of Full and Equal Access to Public Facilities

42. Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

43. Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

44. Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

45. Plaintiff alleges the Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Facility was not exempt under Health and Safety Code § 19956.

46. Defendants' non-compliance with these requirements at the Facility aggrieved (or potentially aggrieved) Plaintiff and other persons with physical disabilities. Accordingly, Plaintiff seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, for:

1. Injunctive relief, preventive relief, or any other relief the Court deems proper.
2. Statutory minimum damages under section 52(a) of the California Civil Code according to proof.

3.  Attorneys' fees, litigation expenses, and costs of suit.[2]

4.  Interest at the legal rate from the date of the filing of this action.

5.  For such other and further relief as the Court deems proper.

Dated: September 1, 2016                MOORE LAW FIRM, P.C.

/s/ Tanya E. Moore
Tanya E. Moore
Attorney for Plaintiff
Francisca Moralez

---

[2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

# VERIFICATION

I, FRANCISCA MORALEZ, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.

Dated:  September 1, 2016       */s/ Francisca Moralez*
                                        Francisca Moralez

I attest that the original signature of the person whose electronic signature is shown above is maintained by me, and that his concurrence in the filing of this document and attribution of his signature was obtained.

                                        */s/ Tanya E. Moore*
                                        Tanya E. Moore, Attorney for
                                        Plaintiff, Francisca Moralez